UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD SCOTT THOMPSON,
        Plaintiff

    v.                                        C.A. No. 13-475-ML

BANK OF AMERICA, N.A.
        Defendant

**MEMORANDUM AND ORDER**

The plaintiff in this declaratory action, Richard Scott Thompson ("Thompson") is currently pursuing litigation in Rhode Island State Court against the marine insurer of his motor yacht in connection with the loss of the yacht. Thompson seeks a declaration from this Court that he has the right to set off the cost of the state court litigation against any judgment or award he may recover from the insurer before the remainder of the award is paid towards a ship mortgage on Thompson's yacht held by defendant Bank of America, N.A. ("BANA"). The matter is before the Court on BANA's motion to dismiss Thompson's complaint (the "Complaint").

**I. Factual Background and Procedural History**

According to the Complaint, on May 31, 2007, Thompson entered into a ship mortgage agreement/first preferred ship mortgage (the "Mortgage Agreement") with BANA and executed a related promissory note (the "Note") in the amount of $155,695 in connection with

1

Thompson's purchase of a motor yacht (the "Yacht"). Complaint ¶¶ 2,3. In accordance with the Mortgage Agreement, Thompson maintained a yacht policy of insurance (the "Policy") with International Marine Underwriters and the Northern Assurance Company of America (the "Insurer"). The Mortgage provides that BANA has the option to "use the proceeds of the insurance either to repair the vessel or to reduce the debt in [its] sole discretion..." Id. ¶ 5.

On September 25, 2009, the Yacht sank in Newport Harbor, resulting in extensive damage. Id. ¶ 7. On November 10, 2009, the Insurer denied Thompson's claim for the loss; according to Thompson, he notified BANA of the denial. Id. ¶ 8. In July 2010, Thompson entered into a contingency fee agreement for legal services to attempt "to recover any award of damages under the [Policy]." Id. ¶ 9. According to Thompson, he did not have the financial means to enter into an hourly fee agreement. Id. Thompson also asserts that BANA advised him in August 2010 that BANA would not participate in the action and that it "had no interest in pursuing recovery of damages under the [Policy]." Id. ¶ 10.

On September 13, 2010, Thompson made a demand for arbitration under the Policy.  Ten days later, Thompson commenced a civil action against the Insurer, *inter alia*, to compel arbitration, id. ¶¶ 12, after which the Insurer and Thompson agreed to proceed to arbitration. Id. ¶ 14.

Thompson asserts that, on February 27, 2013, he sent a letter

2

to BANA "to confirm the intention of [BANA] to release its interest under the [Policy]." Id. ¶15. According to Thompson, BANA advised him that it claimed all proceeds of any award Thompson might obtain and that all costs of Thompson's suit against the Insurer were solely Thompson's responsibility. Id. ¶ 16.

On May 29, 2013, Thompson filed suit against BANA in Rhode Island State Court, which BANA removed to this Court on June 25, 2013. In his Complaint, Thompson asserts claims of breach of contract (Count I) and breach of the duty of good faith and fair dealing (Count II). Thompson alleges that, as a result of BANA's "wrongful claim," he is unable to pursue his rights against the Insurer for damages under the Policy. Id. ¶ 17. He also asserts that BANA's claim constitutes a breach of BANA's obligations under the Mortgage Agreement and that he will incur losses as a result. Id. ¶¶ 18, 19. Specifically, Thompson states that the Mortgage Agreement "does not confer upon [BANA] the rights to all of the proceeds of any award or judgment secured by [Thompson] from the [Insurer]," and that he has the right, "prior to any payment to [the Insurer], to set off his costs of suit..." Id. ¶ 20. In addition to a declaration to that effect, Thompson seeks punitive and exemplary damages (stated as Count III). Id. at 4 of 6.

On July 1, 2013, BANA filed a motion to dismiss the Complaint for failure to state any cognizable claim for relief. (Docket # 2). Thompson objected to BANA's motion to dismiss his Complaint on July

3

17, 2013 (Docket # 5), to which BANA filed a reply on July 24, 2013 (Docket # 7). On July 31, 2013, Thompson filed a response to BANA's reply (Docket #9).[1]

## II. Standard of Review

In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court considers "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[s], the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 8 (1st Cir. 2011). A complaint "'must contain sufficient factual matter ... to "state a claim to relief that is plausible on its face."'" Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir. 2012)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must "include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Katz v. Pershing, LLC, 672 F.3d at 73 (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Iqbal, 129 S.Ct. at 1949)). "Non-conclusory

---

[1] The Court notes that, pursuant to Local Rule LR Cv 7 (b)(3), "[n]o memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court." No such request was received prior to the filing of Thompson's surreply.

factual allegations in the complaint must ... be treated as true, even if seemingly incredible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12 (citing Iqbal, 129 S.Ct. at 1951); Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 34, 40 (1st Cir. 2012)("[N]on-conclusory allegations are entitled to a presumption of truth, and we draw all reasonable inferences therefrom in the pleader's favor.")

The Court must take "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor and see if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)(internal citations omitted). However, the Court must isolate and ignore "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id.; Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d at 40 (noting that the Court must "disregard statements in the complaint that merely offer 'legal conclusion[s] couched as ... fact[]' or 'threadbare recitals of the elements of a cause of action'")(internal quotations omitted).

In addition to facts asserted in the pleadings, the Court may consider "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership

Comm., 669 F.3d at 55-56 (citing Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n. 2 (1st Cir. 2005)); Haley v. City of Boston, 657 F.3d at 44, 46.

### III. Discussion

At the outset, BANA notes that (1) Thompson has not included a copy of the written agreement[2] between the parties pursuant to which he seeks a declaration of rights; and (2) the Complaint fails to allege any basis for the relief which Thompson requests. BANA's Mem. Mot. Dismiss at 5 (Docket # 3). BANA seeks a dismissal of Thompson's breach of contract claim because the claim (1) is inadequately pleaded, (2) provides no indication on what contractual agreement it is based, and (3) fails to allege that Thompson has suffered any damages as a result. BANA also rejects Thompson's request for punitive and/or exemplary damages in the absence of any support for Thompson's bare allegations that BANA engaged in malicious, willful, wanton and reckless conduct.

In response, Thompson maintains that BANA breached the agreement between the parties when it "declined to pursue the claim

---

[2] The Court notes that Thompson did not attach the Mortgage Agreement, the Note, or the Policy to his Complaint; those documents were subsequently provided by BANA in its motion to dismiss (Dkt. Nos. 3-1, 3-2, 3-3, 3-4). Although documents considered by the Court that are not attached to the Complaint often convert a Rule 12(b)(6) motion into a motion for summary judgment, exceptions are made "'for documents sufficiently referred to in the complaint.'" Raytheon Co. v. Continental Gas Co., 123 F. Supp. 2d 22, 25 n.1 (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

for recovery for damages under the [Policy] ... and with full awareness of the financial inability of Mr. Thompson to pursue the claim, made claim to all proceeds of any future recovery..." Obj. at 5 (Docket # 6). With respect to his claim for punitive and exemplary damages, Thompson asserts that BANA's failure to express "a rationale on how it would be damaged or harmed in the event it agreed with Mr. Thompson that he has the right to proceed to litigate his claim on the [Policy] and the right to set-off his necessary cost of litigation ... supports an inference of malicious intent." Id. at 7.

In essence, Thompson asserts that, after refusing to participate in Thompson's suit against the Insurer, BANA is now precluding him from litigating his claim because BANA will not agree to the deduction of Thompson's legal fees from any possible recovery. In other words, Thompson appears to suggest that BANA must fund his litigation against the insurer or, at least, await payment of a portion of Thompson's debt so that Thompson may first pay any legal expenses he has incurred in his attempt to recover under the Policy.

As BANA correctly points out, however, Thompson acknowledges in his Complaint that he is indebted to BANA under the Note and that, pursuant to the Mortgage Agreement, BANA has the option to "use the proceeds of the insurance either to repair the vessel or reduce the debt in [its] sole discretion." BANA Mem. Mot. Dismiss

7

at 2-3 (quoting Complaint at ¶¶ 2, 5). Thompson does not point to any provisions in the Mortgage Agreement or the Note that would oblige BANA to participate in Thompson's suit against the Insurer or to advance Thompson's legal fees incurred thereby. Likewise, the agreements between BANA and Thompson furnish no basis for a reduction or postponement of BANA's claims against Thompson.

Paragraph 14 of the Mortgage Agreement provides that "[a]t all times, you [Thompson] bear the risk of damage to, or loss, theft or destruction of the [Yacht]" and "[y]ou [Thompson] authorize the insurance company to pay any loss to us [BANA]." Paragraph 14 further states that BANA "may use the proceeds of the insurance either to repair the vessel or to reduce the Debt in our sole discretion." Mortgage Agreement at ¶ 14 (Docket # 3-1). Nothing in this or any other provision of the Mortgage Agreement requires BANA to join with Thompson in litigating an insurance claim, to finance or advance the cost of such litigation, or to subordinate Thompson's mortgage debt to any cost he may incur in seeking payment for the loss of the Yacht.

Under the terms of the Note related to property insurance, Thompson agreed that "if the insurance proceeds do not cover the amounts you [Thompson] still owe us, you will pay the difference." Note (Docket #3-2, Page 3 of 4). Nothing in the Note obligates BANA to pursue an insurance claim directly or to support Thompson to do so.

In order to prevail on a breach of contract claim, Thompson is required to prove both the existence and breach of a contract, as well as that BANA's breach thereof cause him damages. <u>Petrarca v. Fidelity and Cas. Ins. Co.</u>, 884 A.2d 406, 410 (R.I. 2005). Although it is undisputed that the parties entered into a contractual relationship, nothing in the written instruments governing the parties' obligations required BANA to participate in Thompson's litigation against the Insurer or to fund Thompson's litigation expenses. As such, BANA's failure to do so does not constitute a breach of contract, nor does it furnish the basis for a claim that BANA breached the covenant of good faith and fair dealing. As Thompson conceded, he continues to be indebted to BANA under the Mortgage Agreement and the Note.  Both of those documents set forth that BANA is entitled to the insurance proceeds for a loss of the Yacht. Neither of those documents provide a basis for the declaration Thompson seeks from this Court. Under those circumstance, Thompson's Complaint cannot withstand BANA's motion to dismiss. With respect to Thompson's claim for punitive and exemplary damages, the Court finds that claim to be without merit.

## Conclusion

For the reasons stated herein, BANA's motion to dismiss the

Complaint is GRANTED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

September 9, 2013